UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case No. 21-12159 |
| Plaintiff | Nancy G. Edmunds |
| v. | United States District Judge |
| JOHN DOE, | Curtis Ivy, Jr. |
| Subscriber assigned IP address | United States Magistrate Judge |
| 68.58.203.144, | |
| Defendant. | |
| _____/ | |

### ORDER ON MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (ECF No. 4)

Plaintiff, Strike 3 Holdings, LLC ("Strike 3") filed a complaint on September 15, 2021, against John Doe subscriber assigned IP Address 68.58.203.144. (ECF No. 1). Strike 3 alleges the Doe Defendant, currently identified only by an IP address, has downloaded some of Strike 3's content without permission. On September 24, 2021, Strike 3 filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference to obtain the Doe Defendant's name and address. (ECF No. 4). The subpoena will be directed at the Doe Defendant's internet service provider ("ISP"), Comcast Cable. (*Id.* at PageID.33-34). District Judge Nancy G. Edmunds referred the motion to the undersigned on September 24, 2021. (ECF No. 5).

Having read the motion and the attached affidavits, and for the reasons discussed below, the motion is **GRANTED**.

Federal Rule of Civil Procedure 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order.*

Fed. R. Civ. P. 26(d)(1) (emphasis added). The standard for granting a motion for expedited discovery is "good cause." *Malibu Media, LLC v. Doe*, 2015 WL 224807, at *1 (E.D. Mich. Han. 15, 2015); *Strike 3 Holdings, LLC v. Doe*, 2019 WL 2265171, at *1 (E.D. Mich. May 28, 2019). In copyright cases, the Court considers the following factors to determine whether the issuance of subpoenas to discover the identity of Doe defendants in advance of a Rule 26(f) conference is proper: (1) whether the plaintiff has made a *prima facie* showing of a copyright infringement claim; (2) whether the plaintiff has submitted a specific discovery request; (3) whether the information sought is limited in scope and not available through alternative means; (4) whether plaintiff has a central need for the subpoenaed information; and (5) whether there is minimal expectation of privacy on the part of the defendant. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2012).

The Court finds Strike 3 has demonstrated good cause for early discovery. Strike 3 stated a plausible claim for copyright infringement, (ECF No. 1, PageID.9-11, Count I), and has a specific discovery request (i.e. "the true name and address of Defendant.") (ECF No. 4, PageID.34). Further, "defendants do not have a reasonable expectation of privacy in their internet subscriber information." *Strike 3 Holdings, LLC*, 2019 WL 2265171, at *2 (citations omitted). Finally, the information sought is: (a) necessary to prosecute Strike 3's claim; (b) otherwise unavailable; and (c) narrowly tailored, as modified below.

Accordingly, Strike 3's motion (ECF No. 4) is **GRANTED** as follows:

1.  Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide plaintiff with the true name and address of the defendant to whom the ISP assigned an IP address as set forth in the Complaint. Strike 3 must attach to any such subpoena a copy of this Order.

2.  Strike 3 may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to defendant.

3.  Within seven days of its receipt of the subpoena, the ISP shall reasonably attempt to identify the subject John Doe subscriber and provide him or her with a copy of the subpoena and this Order.

4. Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of litigating the claims set forth in its Complaint.

5. Further, the Court understands the ISP subscribers may not be the individuals who allegedly infringed upon Strike 3 Holdings' copyright. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2019 WL 2523591, at *1 (E.D. Mich. June 19, 2019). Further, an allegation that someone illegally downloaded pornography could go to sensitive matters, including an individual's sexuality. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the court issues a protective order. *See Flagg v. City of Detroit*, 268 F.R.D. 279, 310 n.9 (E.D. Mich. 2010) (citing Fed. R. Civ. P. 26(c)(1)). In this District, defendants in IP cases have been permitted to remain anonymous during discovery where "the risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 2523591 (E.D. Mich. June 19, 2019); *Patrick Collins, Inc. v. John Does 1-28*, 2013 WL 359759, at *10 (E.D. Mich. Jan. 29, 2013). In this case, Strike 3 has presented no evidence it will be prejudiced if the Doe Defendant proceeds anonymously, pending confirmation that he or she is a proper defendant. Indeed, Strike 3 encourages the Court to adopt such a protective order. (ECF No. 5, PageID.49). Therefore, the Doe Defendant

may proceed anonymously until discovery suggests that he or she is the individual connected to the IP address in Strike 3's non-party subpoena.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).

Date: September 30, 2021

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge